UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE GILBO | ) | CASE NO. |
| 3860 Beavercrest Dr., Apt. 106 | ) | |
| Lorain, OH 44053 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | **PLAINTIFF'S CLASS AND** |
| *similarly situated,* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorse Herein) |
| *v.* | ) | |
| | ) | |
| AGMENT LLC | ) | |
| *d/b/a* The Brass Pole | ) | |
| c/o Statutory Agent Harley Rowe | ) | |
| 43099 Route 303 | ) | |
| Lagrange, OH 44050 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| HARLEY ROWE | ) | |
| 43099 Route 303 | ) | |
| Lagrange, OH 44050 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jamie Gilbo, by and through counsel, for her Class and Collective Action

Complaint against Defendants Agment LLC, *doing business as* "The Brass Pole", and Harley

Rowe (hereinafter collectively referred to as "Defendants" or "The Brass Pole"), states and

alleges the following:

## INTRODUCTION

1.     Plaintiff brings this case to challenge the policies and practices of Defendants

Agment LLC and Harley Rowe that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201-219, as well as the statutes of the State of Ohio. Plaintiff brings this case as an FLSA

"collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover

the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective").  Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Jamie Gilbo was a citizen of the United States and a resident of Lorain County, Ohio.

6.      Defendant Agment LLC is an Ohio limited liability company[1] with its principal place of business in Lorain County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Agment LLC's statutory agent for service of process is Harley Rowe, 43099 Route 303, Lagrange, OH 44050. According to records maintained by the Ohio

---

[1] https://businesssearch.sos.state.oh.us/?=businessDetails/1391160 (accessed April 5, 2019).

Secretary of State, Defendant Agment LLC controls the trade name, and does business as, "The Brass Pole."

7.     Defendant Harley Rowe is, upon information and belief, a citizen of the United States and a resident of Lorain County, Ohio. Defendant Harley Rowe is the owner of Defendant Agment LLC.

## FACTUAL ALLEGATIONS

### Defendants' Business

8.     Defendant Agment LLC, The Brass Pole, is an adult nightclub employing exotic dancers (hereinafter referred to as "dancers") in Elyria, Ohio. Defendants operate The Brass Pole out of 639 Oberlin Elyria Rd., Elyria, Ohio 44035.

### Defendants' Statuses as Employers

9.     At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff.

10.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

11.     Defendant Harley Rowe is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," The Brass Pole, "in relation to employees," including Plaintiff and other members of the FLSA Collective and Ohio Class. Defendant Harley Rowe is also an employer pursuant to O.R.C. Chapter 4111, and had operational control over significant aspects of The Brass Pole's day-to-day functions, including the compensation of employees.

12.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

14.     Defendants were each employers of Plaintiff and other members of the FLSA Collective and Ohio Class as each Defendant exercised the power to hire or fire dancers; supervised and controlled the dancers' work schedules or conditions of employment; determined dancers' rates and methods of payment; and maintained or were required to maintain records, including employment records.

**Plaintiff's, the FLSA Collective's, and Ohio Class's**
**Non-Exempt Employment Statuses with Defendants**

15.     Plaintiff Jamie Gilbo was employed by Defendants from approximately August 2018 to March 2019 as a dancer.

16.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

17.      At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

18.     Defendants' independent contractor misclassification, minimum wage and overtime practices and policies have been previously challenged as willful attempts to circumvent the Fair Labor Standards Act and Ohio Wage Law. In *Lester v. Agment LLC*, N.D.Ohio No. 1:15 CV 886, 2016 U.S. Dist. LEXIS 52916 (Apr. 20, 2016), a Court within this district and division found that Defendants Agment LLC and Rowe misclassified exotic dancers as independent contractors, when in fact they were employees entitled to the protections of the Fair Labor Standards Act and Ohio Wage Law, including the payment of overtime compensation

and minimum wages. The Court found that "while defendants labeled plaintiffs independent contractors, as a matter of economic reality, plaintiffs were employees of The Brass Pole," and granted summary judgment in the plaintiffs' favor.

19.     Despite summary judgment by the Court finding Defendants in violation of the FLSA and Ohio Wage Law, Defendants continue to willfully violate the FLSA by misclassifying their dancers as independent contractors and failing to pay overtime compensation, minimum wages and earned tips.

**Defendants' Misclassification**

20.     Defendants, in violation of the FLSA and Ohio Wage Law, classify dancers as so-called "independent contractors."

21.     In fact, Defendants' dancers were employees of Defendants according to the standards applicable under the FLSA and Ohio law.

22.     Defendants had a high degree of control over the manner in which dancers performed their jobs. For example, Defendants imposed a dress/appearance code, including weight and muscle tone requirements, upon dancers as well as a number of other rules and expectations.

23.     As a matter of economic reality, Defendants' dancers were economically dependent on Defendants.

24.     Dancers worked for Defendants and were not in business for themselves.

25.     Defendants' capital investments and expenditures substantially outweighed any expenditures required on the part of Plaintiff and other members of the FLSA Collective and Ohio Class. For example, Defendants provided the venue, and all musical, stage and other equipment.

26.     The dancers performed work that was integral to Defendants' primary, regular business of the operation of The Brass Pole. The dancers are Defendants' main attraction and the reason patrons attend their establishment.

27.     Defendants controlled the work their dancers performed, the hours during which they performed that work and the manner in which they performed it. Defendants controlled many aspects of the scheduling and fined dancers if they failed to properly attend a shift. For instance, Defendants required dancers to work on weekdays to be allowed by Defendants to work weekends (the busiest nights at The Brass Pole). Dancers were also required to work a set number of hours each shift. Defendants fined dancers who arrived to their shift late or left the premises early.

28.     Dancers' opportunities of profit or loss were established unilaterally by Defendants; any opportunities the dancers had to earn remuneration were unilaterally determined and controlled by Defendants. Defendants had a far more significant role than dancers in drawing customers to The Brass Pole – "the critical factor in determining the profits and losses of both defendants and plaintiffs." *Lester*, 2016 U.S. Dist. LEXIS 52916, at *17. Defendants chose the location of the business, set the business hours, maintained the facilities and aesthetics, maintained the inventory of food and beverages, and advertised.

29.     Defendants' opportunity for profits and risk of loss were much greater than dancers, if any.

30.     Dancers did not have an opportunity for greater profits based on their management and technical skills.

31.     Dancers worked full time for Defendants, and frequently work more than forty (40) hours per workweek.

32.     Dancers worked for Defendants in comparatively low-paying jobs requiring comparatively low skill.  Dancers had no specialized skills.

33.     Dancers were under the direct supervision and control of Defendants' supervisors, managers, and owner.

34.     Defendants instructed dancers how, when and where they were to perform their duties.

35.     Defendants interviewed, supervised, directed, disciplined, reprimanded, scheduled and performed other duties of employers. Defendants hired/fired dancers at will, and dancers' employments were not temporary nor had a fixed end-date. Defendants performed functions associated with that of an employer with regard to dancers.

36.     Among other things, as a result of the shift hours and day requirements imposed by Defendants, dancers generally could not work for other companies or operate independent businesses.

37.     Moreover, there is "no evidence that distinguishes the exotic dancers at The Brass Pole from the exotic dancers that courts have held to be employees in analogous situations." *Lester*, 2016 U.S. Dist. LEXIS 52916, at *14-15.

**Defendants' Failure to Pay Minimum Wages**

38.     Defendants did not compensate dancers – Plaintiff and other members of the FLSA Collective and Ohio Class. During the relevant time period, Plaintiff and other members of the FLSA Collective and Ohio Class did not receive money from Defendants in the form of wages, nor did they receive any other category of compensation including overtime. Defendants paid Plaintiff and other members of the FLSA Collective and Ohio Class a subminimum wage rate – $0.00 – for their hours worked.

7

39.     The only compensation Plaintiff and other members of the FLSA Collective and Ohio Class received for their work for Defendants was in the form of tips they receive from patrons who paid dancers directly.

40.     In fact, dancers were required to pay Defendants to work each shift from their tips. Dancers are required to pay Defendants $20.00 for the first song and $5.00 for each subsequent song for a private dance. Dancers are also required to pay $50.00 per use of the "VIP" room for 15 minutes, or $100.00 for use of the "VIP" room for 30 minutes.

41.     Dancers were also required to pay Defendants a fine each shift if they arrived to work late or left early.

42.     The above practices and policies resulted in a net negative hourly compensation rate to Plaintiff and other members of the FLSA Collective and Ohio Class. The above practices and policies caused Defendants to pay Plaintiff and other members of the FLSA Collective and Ohio Class less than the statutory minimum hourly wage, a sub-minimum wage.

43.     The FLSA required Defendants to pay Plaintiff and other members of the FLSA Collective and Ohio Class at least the minimum wage. 29 U.S.C. § 206. The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206. Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and was $8.10 per hour in 2016, $8.15 per hour in 2017, $8.30 per hour in 2018, and is $8.55 per hour in 2019.

44.     However, Defendants, having unlawfully misclassified Plaintiff and other members of the FLSA Collective and Ohio Class as "independent contractors," failed to pay them minimum wages, in violation of the FLSA and Ohio Wage Law.

## Defendants' Unlawful Tip Practices and Policies

45.     Plaintiff and other members of the FLSA Collective and Ohio Class were required by Defendants to share their tips with managers, owners and/or other customarily non-tipped employees, including when dancers' tips were taken when dancers arrived to their shift late or left early.

46.     Retaining tips by employees who do not customarily and regularly receive tips does not constitute a valid tip sharing or pooling practice under the Department of Labor's regulations and federal and state law. As a result of the impermissible tip practices or policies, Plaintiff and other members of the FLSA Collective and Ohio Class were denied tips owed to them. *See* 29 CFR § 531.54.

47.     The FLSA further provides that "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m). As a result of the impermissible keeping of tips received by Plaintiff and other members of the FLSA Collective and Ohio Class for any purpose, including allowing managers or supervisors to keep any portion of Plaintiff's and members of the FLSA Collective's and the Ohio Class' tips or withholding tips as a result of dancers arriving to a shift late or leaving early, Defendants violated 29 U.S.C. § 203(m).

## Defendants' Failure to Pay Overtime Compensation

48.     During their employment with Defendants, Plaintiff and other members of the FLSA Collective and Ohio Class were required to work overtime, more than forty (40) hours per workweek. However, Defendants did not pay overtime compensation to dancers at one and one-half times their "regular rate" of pay.

49.     For example, during or about the workweek of September 9 – 15, 2018, Plaintiff worked in excess of forty (40) hours, but was not paid overtime compensation at of one and one-half times her regular rate for the hours she worked in excess of forty (40) hours.

50.     The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

51.     As a result of Defendants' minimum wage violations and failure to pay all hours worked, Defendants did not pay Plaintiff and other members of the FLSA Collective and Ohio Class overtime compensation when working more than forty (40) hours in a single workweek as required by the FLSA and Ohio law, 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

52.     Moreover, although Defendants suffered and permitted Plaintiff and other members of the FLSA Collective and Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and other members of the FLSA Collective and Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective and Ohio Class were not paid overtime for their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

53.     Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### Defendants' Record Keeping Violations

54.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

55.     Defendants failed to keep accurate records of hours worked. Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio law.

### The Willfulness of Defendants' Violations

56.     Defendants knew that Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to minimum wage, overtime compensation, and tips under federal and state law or acted in reckless disregard for whether they were so entitled. In the case of *Lester*, 2016 U.S. Dist. LEXIS 52916, at *9-10, 22, a Court within this district and division found that "while defendants [Agment LLC and Rowe] labeled plaintiffs independent contractors, as a matter of economic reality, [plaintiff dancers] were employees of The Brass Pole" and entitled to

the protections of the Fair Labor Standards Act and Ohio Wage Law, including the payment of

overtime compensation and minimum wages.

57.     Nevertheless, Defendants continued to intentionally and willfully circumvent the

requirements of the FLSA and Ohio law.

58.     The above payroll practices resulted in minimum wage, overtime and tip

violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111; and Ohio Const. Art. II, §

34a.

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

60.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §

216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and in behalf of

[herself] or themselves and other employees similarly situated."

61.     The FLSA Collective consists of:

All current and former dancers and other employees with similar job titles or
positions who worked for Defendants during the period of three years preceding
the commencement of this action to the present.

62.     Such persons are "similarly situated" with respect to Defendants' FLSA violations

in that all were non-exempt employees of Defendants, all were subjected to and injured by

Defendants' unlawful practice of failing to pay minimum wage for all hours worked, failing to

pay overtime compensation for all hours worked in excess of forty (40) per workweek, failing to

pay tips as required by the FLSA, and all have the same claims against Defendants for unpaid

minimum wage, overtime compensation and tips as well as for liquidated damages, attorneys' fees, and costs.

63.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

64.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 60 persons. Such persons are readily identifiable through the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and regulations thereunder that have the force of law.

## CLASS ACTION ALLEGATIONS

65.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All current and former dancers and other employees with similar job titles or positions who worked for Defendants during the period of two years preceding the commencement of this action to the present.

67.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 60 persons.  The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

68.     There are questions of law or fact common to the Ohio Class, including but not limited to:

Whether Defendants' conduct as described above violates Ohio law governing payment of minimum wage and overtime compensation;

Whether Defendants denied employees minimum wages under Ohio law where, among other things, dancers were not paid minimum wage for the hours they worked; and

Whether Defendants denied employees overtime compensation under Ohio law where, among other things, dancers were not paid wages for their overtime hours worked.

69.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

70.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

71.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

72.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would

be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage Violations)

73.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

74.     The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

75.     Defendants failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable Ohio minimum wage. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's and other members of the FLSA Collective's minimum wages as required by federal law. 29 U.S.C. § 206.

76.     Defendants' unlawful conduct directly and proximately caused Plaintiff and other members of the FLSA Collective to suffer damages for which they are entitled to judgment.

77.     Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and other members of the FLSA Collective's rights, and entitle Plaintiff and other members of the FLSA Collective to liquidated and/or punitive damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Minimum Wage Violations)**

78.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

79.     Ohio Wage Law requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. Art. II, Sec. 34a of the Ohio Constitution; O.R.C. Chapter 4111.

80.     Based on the improper practices described herein, Defendants failed to comply with the requirements of Ohio law by paying employees less than the applicable minimum wage rate.

81.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution & O.R.C. Chapter 4111, including by refusing and/or failing to calculate and pay Plaintiff's and other members of the FLSA Collective's and Ohio Class' minimum wages as required by Ohio law.

82.     Defendants' unlawful conduct directly and proximately caused Plaintiff and other members of the FLSA Collective and Ohio Class to suffer damages for which they are entitled to judgment.

83.     Plaintiff and other members of the FLSA Collective and Ohio Class are entitled to triple damages for Defendants' minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a & O.R.C. Chapter 4111.

## COUNT THREE
**(FLSA Overtime Violations)**

84.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

85.     Plaintiff brings this claim for violation of the FLSA's overtime provisions.

86.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

87.     Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

88.     Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

89.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

90.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT FOUR
### (Ohio Overtime Violations)

91.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

92.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

93.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

94.     Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

95.     These violations of Ohio law injured Plaintiff and other members of the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

96.     Having injured Plaintiff and other members of the FLSA Collective and Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law. O.R.C. § 4111.10.

## COUNT FIVE
### (FLSA Tip Violations)

97.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

98.     Plaintiff brings this claim for violation of the FLSA's employer tip keeping prohibitions.

99.     As a result of the impermissible keeping of tips received by Plaintiff and the FLSA Collective for any purpose, including allowing managers or supervisors to keep any portion of Plaintiff's and other members of the FLSA Collective's tips, Defendants violated 29 U.S.C. § 203(m) and the regulations thereunder that have the force of law.

100.    Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including keeping the tips of their employees for any purpose by owners, managers, and/or supervisors. 29 U.S.C. § 203(m).

101.    Defendants' unlawful conduct directly and proximately caused Plaintiff and the FLSA Collective to suffer damages for which they are entitled to judgment.

102.    Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and other members of the FLSA Collective's rights, and entitle Plaintiff and other members of the FLSA Collective to all tips unlawfully kept by Defendants, an additional equal amount as liquidated damages, and $1,100 for each violation of the FLSA's tip keeping prohibitions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.    Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

E.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid minimum wages, in addition to liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff, the FLSA Collective and Ohio Class under Ohio Constitution Art. II, § 34a;

F.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and the members of the Ohio Class in the amount of the tips unlawfully kept by Defendants, in addition to liquidated damages in an equal amount, as well as $1,100 for each violation of 29 U.S.C. §§ 203(m)(2)(B), 216(e)(2); and

G.    Award Plaintiff compensatory and punitive damages, her costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
MCDERMOTT LAW LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
P: (216) 367-9181 | F: (440) 846-1625
kevin@mcdermottattorney.com

*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)