UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMIE GILBO, *et al.*, | ) Case No. 1:19-cv-00767 |
|           Plaintiffs, | ) JUDGE JAMES S. GWIN |
| *v.* | ) **PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS** |
| AGMENT LLC, *et al.*, | ) |
|           Defendants. | ) |

Plaintiffs, by and through undersigned counsel, pursuant to 29 U.S.C. §216(b), Ohio Constitution Art. II § 34a, and O.R.C. § 4111.14,[1] respectfully files this motion for attorney fees and costs against Agment LLC and Harley Rowe, jointly and severally, in the total amount of $45,894.00. A Memorandum in Support is attached to this motion.

                                                  Respectfully submitted,

                                                  *s/ Kevin M. McDermott II*
                                                  Kevin M. McDermott II (0090455)
                                                  MCDERMOTT LAW LLC
                                                  11925 Pearl Road, Suite 310
                                                  Strongsville, Ohio 44136
                                                  P: (216) 367-9181 | F: (440) 846-1625
                                                  kevin@mcdermottattorney.com

                                                  *Counsel for Plaintiffs*

---

[1] On February 14, 2020 the Court issued an Opinion & Order granting Plaintiffs' Motion for Summary Judgment as to Counts I and II of Plaintiffs' Complaint. (ECF #24.)

**MEMORANDUM IN SUPPORT**

**I.      BACKGROUND AND FACTS**

This Honorable Court granted summary judgment on Counts I and II of Plaintiffs' Complaint as to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, and the Ohio Constitution Art. II § 34a – Plaintiffs' minimum wage claims – on February 14, 2020. (ECF #24.) Plaintiffs now file this motion for attorney fees and costs pursuant to the FLSA, 29 U.S.C. §216(b) and Ohio minimum wage law. Plaintiffs' Counsel seeks a total attorney fees award of $44,722.00 in addition to costs reimbursement of $1,172.00. Plaintiffs' attorney fee and costs application should be granted because both the attorney hourly rate and number of hours are reasonable in view of the work performed and the results achieved and the requested costs were reasonably related and necessary to the litigation. Moreover, Plaintiffs seek no attorney fee multiplier. Plaintiffs' motion is supported by the Declaration of Plaintiffs' Counsel attached as Exhibit A, a breakdown of attorney time attached as Exhibit B, and a list of costs incurred attached as Exhibit C.

**II.     LAW AND ARGUMENT**

  **A.     Standard for Attorney Fees**

The FLSA, 29 U.S.C. § 216(b), provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Kritcher v. Prudential Sec., Inc.*, 6th Cir. No. 19-1556, 2020 U.S. App. LEXIS 3814, at *5 (Feb. 4, 2020) (quoting 29 U.S.C. § 216(b)). The Ohio Constitution Art. II § 34a likewise provides that "[w]here an employer is found by the state or a court to have violated any provision of this section, the employer shall within thirty days of the finding pay the employee back wages, damages, and the employee's costs and reasonable attorney's fees." *See* O.R.C. § 4111.10(L) (codifying Ohio Constitution Art. II § 34a). Plaintiffs

here are indisputably entitled to attorney's fees.

The FLSA's fee provision "insure[s] effective access to the judicial process" and "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994), cert. denied, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co*., 732 F.2d 495, 502 (6th Cir.1984)). **This case exemplifies the FLSA's policy and purpose.** Plaintiffs worked for a recalcitrant employer who routinely committed FLSA violations. (*See Gilbo v. Agment LLC*, N.D.Ohio No. 1:19-cv-00767, 2020 U.S. Dist. LEXIS 26031, at *9-10 (Feb. 14, 2020) (noting that Defendants' unlawful independent contractor misclassification were previously challenged in 2016) (citing *Lester v. Agment LLC*, N.D.Ohio No. 1:15 CV 886, 2016 U.S. Dist. LEXIS 52916, 2016 WL 1588654 (Apr. 20, 2016)).

As the Sixth Circuit has recognized, "[a]n award of attorney fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley*, 19 F.3d at 1134 (citing *United Slate,* 732 F.2d at 501). "[T]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees.'" *Id.*

The Supreme Court has affirmed the "strong presumption" that the lodestar calculation results in the correct calculation of attorney fees under federal fee-shifting statutes.[2] *Perdue v.*

---

[2] Likewise, the lodestar method of attorney fee calculation is the appropriate methodology for the Court to consider when awarding fees under Ohio law. "It is well established that the first step in determining an award of attorney fees is the computation of the lodestar figure[ – ] the number of hours expended multiplied by a reasonable hourly rate." *Turner v. Progressive Corp*., 140 Ohio App.3d 112, 116 (8th. Dist., Oct. 30, 2000) (citing *Simmons v. BVM, Inc.* (Aug. 31, 1995)). *Accord Welch v. Prompt Recovery Servs*., 9th Dist. Summit No. 27175, 2015-Ohio-3867, ¶¶ 20-22 (citing *Bittner v. Tri-County Toyota, Inc*., 58 Ohio St.3d 143, 144, 569 N.E.2d 464 (1991)).

*Kenny A. ex rel. Winn*, 559 U.S. 542, 552-54 (2010).  In *Blum v. Stenson,* 465 U.S. 886, 900, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), fn. 16, the Supreme Court observed that "[u]nlike the calculation of attorney's fees under the 'common fund doctrine,' where a reasonable fee is based on a percentage of the fund bestowed on the class, a reasonable fee under [a fee-shifting statute] reflects the amount of attorney time reasonably expended on the litigation." When determining what constitutes a "reasonable" fee award, a court "should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees . . . encourage[s] the vindication of congressionally identified policies and rights. Indeed, [the Sixth Circuit has] upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Funk v. Airstream, Inc*., S.D.Ohio No. 3:17-cv-260, 2019 U.S. Dist. LEXIS 162334, at *5 (Sep. 23, 2019) (citing *Fegley*, 19 F.3d at 1130, 1134-35 (upholding $40,000 fee award where plaintiff was awarded only $7,680.00 in damages)).

In the Sixth Circuit, "the fee applicant's lodestar amount [is] calculated by multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate." *White v. All About Cable Connections, LLC*, N.D.Ohio No. 1:12CV1708, 2013 U.S. Dist. LEXIS 83306, at *9 (June 13, 2013) (citing *Ellison v. Balinski,* 625 F.3d 953, 960 (6th Cir. 2010); *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The resulting "lodestar" therefore constitutes "more than a mere 'rough guess' or initial approximation of the final award to be made." *Abdelkhaleq v. Precision Door of Akron,* N.D.Ohio No. 5:07 CV 3585, 2010 U.S. Dist. LEXIS 5461, at *17-18 (Jan. 25, 2010) (citing *West v. Hess Environmental Servs.,* 6th Cir. Nos. 95-5676/95-5677/95-5755, 1997 U.S. App. LEXIS 8127, at *5-6 (Apr. 17, 1997) (citations omitted)). Presumptively, prevailing plaintiffs under fee-shifting statutes are "entitled to recover attorneys' fees for 'all time reasonably spent on a matter.'" *Northcross v. Board of Education of Memphis City Schools*,

611 F.2d 624, 638 (6th Cir. 1979) (quoting Senate Report No. 94-1011 (on the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988)(1976)).

In deciding appropriate hourly rates, the district court should determine "the fair market value of the services provided"—a value that reflects "the training, background, experience and skill of the individual attorney" who litigated the case. *Northcross*, 611 F.2d at 638. *See also Louisville Black Police Officers Organization, Inc. v. City of Louisville*, 700 F.2d 268, 277 (6th Cir. 1983) ("[t]he fair market value of services is the proper standard"). The "market value of the services provided" may be determined by "the hourly rate [usually] charged by an attorney for his or her services," *Northcross*, 611 F.2d at 638, or by a comparison to the prevailing rates charged by "lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at fn.11. Nevertheless, the district court has jurisdiction to adjust the lodestar calculation based on the circumstances of each case. *Abdelkhaleq*, 2010 U.S. Dist. LEXIS 5461, at *18 (citing *Moore v. Freeman,* 355 F.3d 558, 565 (6th Cir. 2004)). This Court has noted that "Plaintiffs' counsel must make a good faith effort to exclude hours that are 'excessive, redundant, or otherwise unnecessary'" and 'submit documentation 'of sufficient detail and probative value to enable the Court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.'" *Hurt v. Commerce Energy, Inc.,* N.D.Ohio No. 1:12-cv-758, 2018 U.S. Dist. LEXIS 168134, at *4 (Sep. 28, 2018) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Imwalle v. Reliance Med. Prods*., 515 F.3d 531, 553 (6th Cir. 2008)).

    **B.**    **Plaintiffs' Requested Attorney Fee and Costs Award Should be Approved**

In this case, Plaintiffs' counsel seeks fees in the amount of $44,722.00 for Attorney Kevin M. McDermott II (151.6 hours of attorney time at the reasonable hourly rate of $295.00)

5

and costs in the amount of $1,172.00 (Plaintiffs' Counsel K. McDermott Decl. ("Decl.") ¶¶ 22, 29; Exs. B, C.)

### 1. Plaintiffs' Counsel's Requested Hourly Rate is Reasonable

Mr. McDermott has approximately 6.25 years of experience devoted to civil litigation and wage and hour practice. (*Id.* at ¶¶ 4-9.) Counsel has extensive experience in complex civil wage litigation, including Fed. R. Civ. P. 23 class actions, 29 U.S.C. §216(b) collective actions, and individual wage and hour actions. He has represented plaintiffs in more than 60 wage and hour matters (*Id.*)

In *Carr v. Bob Evans Farms*, N.D.Ohio No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *12 (July 27, 2018), this Court approved a rate for similarly experienced attorneys. In that case, the court found as reasonable two attorneys' requested hourly rates in the amounts of $395 with practice and years of experience similar to Plaintiffs' counsel here.[3] Plaintiffs' counsel here however requests a significantly lower attorney fee in the amount of $295, much lower than approved for attorneys with similar experience and tenure. *See id.* More similarly, in *Terry v. Promark Contracting, LLC*, N.D.Ohio No. 1:14-cv-02542 (ECF #158, Judgment dated Feb. 24, 2017), an FLSA matter, another court in this district and division approved an hourly rate of $300 for an attorney with 5.8 years of civil litigation experience. *See also Funk v. Airstream, Inc.*, S.D.Ohio No. 3:17-cv-260, 2019 U.S. Dist. LEXIS 162334, at *7 (Sep. 23, 2019) (finding an hourly rate of $275.00 as "reasonable and [] in line with the prevailing local market rates for

---

[3] In *Carr*, the Court found that an attorney, who had been practicing wage and hour law since November 2013 (Decl. at ECF #77-3 at ¶ 42, *Carr v. Bob Evans Farms*, N.D.Ohio No. 1:17-CV-1875), and an attorney who had been practicing wage and hour law since at least 2015 (Decl. at ECF #77-4 at ¶ 25), requested hourly rates of $395 to be reasonable. At the time of approval, the attorneys had each been licensed attorneys for approximately 5.5 years. (*Id.* at 77-3 at ¶ 41; 77-4 at ¶ 23.)

attorneys with comparable skill and experience" for an attorney practicing for six years in employment litigation).

This Court has also cross-checked plaintiffs' counsel's requested reasonable rates with rates reported in *The Economics of Law Practice in Ohio in 2013* ("*Economics of Law*"). *Hurt v. Commerce Energy, Inc*., N.D.Ohio No. 1:12-cv-758, 2018 U.S. Dist. LEXIS 168134, at *3 (Sep. 28, 2018) (citing Ohio State Bar Association, *The Economics of Law Practice in Ohio in 2013: A Desktop Reference* (2013) ("*Economics of Law*")[4]). In *Hurt*, also an FLSA matter, this Court stated that the closest available category for plaintiff's counsel was that of "Trial Practice, not PI (General Civil)." *Id.* at *2*018 U.S. Dist. LEXIS 168134, at *3, fn. 12. On this parameter, Plaintiffs' counsel's requested rate here falls between the median and 75th percentiles. *Economics of Law* at 40. The sought attorney rate also falls between the 75th and 95th percentiles by years of experience. *Id.* at 39. However, as noted in *Hurt*, "the sought rates are on the high end of the spectrum. But the *Economics of Law* data is dated and attorney rates have increased since its publication. And, importantly, Plaintiffs requested fees are within the spectrum of reported rates."

### 2. Plaintiffs' Counsel's Hours Expended are Reasonable

A breakdown of Attorney Kevin M. McDermott II's lodestar attorney time through February 28, 2020 is attached to Mr. McDermott's Declaration. (Exs. A, B.) The attached Exhibit B list hours expended by counsel that were reasonably necessary to the prosecution of this case. These charges constitute "hours expended … in the litigation [that] were reasonably

---

[4] Available at https://www.ohiobar.org/globalassets/home/member-benefits/personal-finance/osba_econoflawpracticeohio.pdf (accessed Feb. 26, 2020).

necessary to prosecute the action." *Gascho v. Global Fitness Holdings, Inc.,* 822 F.3d 269 (6th Cir. 2016).

In summary of the attached time records, the tasks required of Plaintiffs' Counsel in this case included pre-litigation investigation of Plaintiffs' claims, including prior wage-related claims filed against Defendants; investigation of the identities of potential individual and corporate defendants; preparation of the Complaint; and negotiation and submission of the parties' Rule 26(f) report. Plaintiff issued comprehensive written discovery requests to Defendants, spurring a contentious discovery dispute regarding late responses and missing documents identified by Plaintiffs and during the deposition of Harley Rowe. Plaintiff sent Defendants correspondence (letter and emails) regarding the discovery dispute outlining the incomplete written discovery responses and document production.

During conversations with defense counsel and in written correspondence as to the missing discovery, Defendants were specifically advised that "as we've discussed, further litigation will only serve to substantially increase the attorney time expended in this matter. Please let me know if and when Defendants are interested in discussing a resolution of this case." (Plaintiffs' Local Rule 37.1 Notice dated Aug. 2, 2019 (available to be produced upon request).) Plaintiffs continued in their efforts to obtain the outstanding discovery sincerely and in good faith pursuant to Local Rule 37.1 and ultimately did not seek the Court's intervention.

Defendants ultimately produced, and Plaintiffs' counsel analyzed, documents and data related to the hiring of, daily hours, timekeeping, and duties of the Named and Opt-In Plaintiffs. Plaintiffs' counsel manually transcribed the timekeeping data into an electronic format. (See ECF ##17-4, 17-5.) Plaintiffs' computations considered approximately 3,000 data points and permitted a precise calculation of the unpaid minimum wages for the Plaintiffs. The analyses

were difficult and time-consuming, but proved instrumental to Plaintiffs' Motion for Summary Judgment. Plaintiff deposed Defendant Harley Rowe and drafted Plaintiffs' Motion for Summary Judgment and Reply Brief.

Moreover, and as the Court is well aware, Defendants have categorically refused to negotiate and have rejected any attempts, both initiated by the Court and Plaintiffs' counsel, to discuss or even consider resolution of this matter. For example, Plaintiffs provided a reasonable demand that would have resulted in payments consisting of a fraction of the amounts of minimum wages owed during the June 27, 2019 Case Management Conference. Defendants refused to put forward any counteroffer, even in light of the prior ruling on this exact misclassification issue against Defendants in 2016 and the reasonableness of Plaintiffs' demand. This sentiment and strategy was echoed during the November 8, 2019 In-Person Status Conference. There, Defendants informed the Court and Plaintiffs' counsel that they were simply not going to engage in any sort of negotiation notwithstanding the consequences of such choice. On February 14, 2020 the Court issued an Opinion & Order granting Plaintiffs' Motion for Summary Judgment as to Counts I and II of Plaintiffs' Complaint – Plaintiffs' minimum wage claims. (ECF #24.) Defendants again refused to negotiate any amount of reasonable attorney's fees and costs accrued by Plaintiffs after the entry of summary judgment. "The defendants' refusal to settle … was their prerogative, but it was also the reason the fees for responding to the motion were incurred." *Villegas v. Regions Bank*, S.D.Tex. No. H-11-904, 2013 U.S. Dist. LEXIS 1690, at *10 (Jan. 4, 2013).

Plaintiffs' counsel has vigorously represented Plaintiffs in this action, has conducted a significant investigation of the claims at issue, and has obtained a thorough familiarity with the factual and legal issues presented in this case. The amount proposed for attorney fees satisfies the

Sixth Circuit's standard for FLSA attorney fee awards. Moreover, Plaintiffs' counsel took this matter on a contingency basis only. Counsel has not been compensated for any time or expense since the matter began. However, counsel is prepared to invest time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind. (Decl. ¶ 17.)

### 3. The Costs Expended by Plaintiff's Counsel were Both Reasonable and Necessary

Plaintiffs' counsel also maintains records regarding costs expended on each case. In this matter, counsel incurred a total of $1,172.00 in costs. (Exs. A, C.) The amount proposed for costs satisfies the Sixth Circuit's standard for FLSA costs awards – the costs were "reasonably related and necessary to the litigation in this case." *Hurt*, 2018 U.S. Dist. LEXIS 168134, at *8. A detailed breakdown of costs incurred through February 28, 2020 is attached to Plaintiff's Counsel's Declaration. (Exs. A ¶¶ 28-29; C.)

## III. CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Attorney Fees and Costs and enter a judgment against Agment LLC and Harley Rowe, jointly and severally, in the amounts of $44,722.00 for attorney fees and $1,172.00 in costs, for a total of $45,894.00 in fees and costs.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
MCDERMOTT LAW LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
P: (216) 367-9181 | F: (440) 846-1625
kevin@mcdermottattorney.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
