UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| JAMIE GILBO, *et al.*, | CASE NO. 1:19-cv-00767 |
| Plaintiffs, | ORDER<br>[Resolving Doc. 36] |
| vs. |  |
| AGMENT LLC, *et al.*, |  |
| Defendants. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Jamie Gilbo and Alyssa Smith brought a Fair Labor Standards Act ("FLSA") claim against their former employer, Defendants Agment LLC and Harley Rowe.  Plaintiffs claimed that Defendants improperly misclassified them as independent contractors and failed to pay FLSA's required minimum wage.[1]

On February 14, 2020, the Court granted summary judgment for Plaintiffs on two claims and found that Plaintiffs were employees entitled to back wages.[2]  The Court later dismissed Plaintiffs' remaining claims.[3]

Now, Plaintiffs renew their pre-appeal motion for attorney fees and costs pursuant to FLSA and Ohio minimum wage law.[4]  Plaintiffs seek $90,829.72.[5]  For the following reasons, the Court **GRANTS IN PART** Plaintiffs' motion and awards $68,755.72 in fees and costs.

FLSA provides that the Court "shall allow" Defendants to pay "a reasonable attorney's

---

[1] Doc. 24 at 1.
[2] *Id.*
[3] Doc. 26.
[4] Doc. 36 at 2 (citing 29 U.S.C. § 216(b)), Doc. 27.
[5] Doc. 36 at 1.

Case No. 19-cv-767
Gwin, J.

fee," as well as "costs of the action."[6] The award is mandatory,[7] but it must be reasonable such that it is "adequately compensatory to attract competent counsel" and also "avoids producing a windfall for lawyers."[8]

The lodestar calculation is a starting point: the attorney's reasonable hourly rate multiplied by the number of hours reasonably spent on the case.[9] Then the Court may adjust the amount upwards or downwards based on particular case factors.[10] Importantly, the attorney's reasonable hourly rate should be based on the "prevailing market rate," or the "rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."[11]

Plaintiffs request fees for their attorneys' work relating to the original claim, the appeal, and post-judgment collection efforts.[12] Plaintiffs seek a total of $89,236.00 in fees, which amounts to an hourly rate of $295 for Attorney McDermott; $400 for Attorney Shearer; and $125 for clerk Calanni. Plaintiffs also claim $1,593.72 in costs.

Plaintiffs contend that their counsel's fees are appropriate given the attorneys' experience and the time they spent on the case.[13] The Court is not persuaded, however, by Plaintiff's citations to reasonable fees in more complex and expert-driven litigation.[14] This

---

[6] 29 U.S.C. § 216(b).

[7] *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984).

[8] *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Ohio law also provides for reasonable attorney fees. Ohio Rev. Code § 4111.10(A).

[9] *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004).

[10] *Id.*

[11] *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

[12] Doc. 36 at 3, 7.

[13] *Id.* at 9–10.

[14] *See, e.g.*, *Carr v. Bob Evans Farms, Inc.*, No. 1:17-CV-1875, 2018 WL 7508650, at *1 (N.D. Ohio July 27, 2018) (involving a more-than-1,800-person class and a $3,000,000 settlement); Judgment at 8, *Terry v. Promark Contracting, LLC*, No. 1:14-cv-02542 (N.D. Ohio Feb. 24, 2017), ECF No. 158 ("This case extended close to two years, during which time numerous motions were filed by the Parties, including two motions for summary judgment filed

Case No. 19-cv-767
Gwin, J.

case involved only two Plaintiffs and a more straight-forward FLSA claim.

In all, Plaintiffs' counsel seek fees that are more than double the award they won for their clients.[15] The Court will apply a downward adjustment in part to reflect greater proportionality to Plaintiffs' award.[16]

The Court conducted the lodestar calculation using average hourly rates by years in practice from the Ohio Bar Association's *The Economics of Law Practice in Ohio in 2019*.[17] Attorney McDermott has been in practice for nearly seven years.[18] The mean hourly rate for attorneys with six to ten years in practice is $225.[19] Attorney Shearer has approximately twenty-four years of practice experience.[20] The mean hourly rate for attorneys with sixteen to twenty-five years in practice is $252. Finally, clerk Calanni is new to the practice of law and assisted Attorneys McDermott and Shearer under a temporary license.[21] Calanni's $125 hourly rate fits on the distribution of billing rates for new associates in Ohio, where 37.2% of new associates bill less than $146 per hour.[22]

The Court will award an hourly rate of $225 for Attorney McDermott; $252 for Attorney Shearer; and $125 for clerk Calanni. Plaintiffs' counsel's hours are meticulously recorded and reasonable, especially in light of the additional appellate work.[23] In total, the

---

by Promark.").

[15] Doc. 36 at 3.
[16] *Moore*, 355 F.3d at 565. *See also Buddie v. Vocational Guidance Services, Inc.*, No. 1:18-cv-1199, 2019 WL 364558, at *2 (N.D. Ohio Jan. 30, 2019). *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("[T]he most critical factor is the degree of success obtained.").
[17] The Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2019*.
[18] Doc. 36 at 9.
[19] The Ohio State Bar Ass'n, *supra* note 18 at 44.
[20] Doc. 36 at 9.
[21] Doc. 36-2 at 4.
[22] The Ohio State Bar Ass'n, *supra* note 18 at 46.
[23] Doc. 36-3.

Case No. 19-cv-767
Gwin, J.

Court will award Plaintiffs' counsel $68,755.72, inclusive of the Plaintiffs' requested $1,593.72 in costs.

For the reasons stated, the Court **GRANTS IN PART** Plaintiffs' motion and awards $68,755.72 in fees and costs to Attorney McDermott, Attorney Shearer, and clerk Calanni.

IT IS SO ORDERED.

Dated: November 20, 2020      *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE